**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-4098

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

WARREN LEE MCDANIEL,

       Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:16-cr-00052-IMK-MJA-1)

Submitted: August 1, 2017                     Decided: August 10, 2017

Before MOTZ, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Senior Litigator, Clarksburg, West Virginia; Kristen Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. Traci M. Cook, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warren Lee McDaniel appeals his conviction and sentence of 36 months of imprisonment for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). He contends that the district court erred in denying his motion to suppress evidence of his name and the firearm pursuant to the inevitable discovery doctrine. We affirm.

When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo, construing the evidence in the light most favorable to the prevailing party, here, the government. *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Under the exclusionary rule, the government may not use evidence obtained as a result of an illegal search. *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017). However, the exclusionary rule is subject to certain exceptions. *Id.* In particular, under the "inevitable discovery" doctrine, the government may use "information obtained from an otherwise unreasonable search if it can establish by a preponderance of the evidence that law enforcement would have ultimately or inevitably discovered the evidence by lawful means," *id.* (internal quotation marks omitted)—that is, "the fact making discovery inevitable must arise from circumstances other than those disclosed by the illegal search itself." *United States v. Thomas*, 955 F.2d 207, 211 (4th Cir. 1992) (internal quotation marks omitted). "Whether law enforcement would have inevitably

2

discovered the evidence by lawful means is a question of fact, and we thus accord great deference to the district court's findings." *Bullette*, 854 F.3d at 265.

McDaniel contends that the district court was required to first find that his detention was unlawful under the Fourth Amendment before finding that the inevitable discovery doctrine applied, and further argues that there was no evidence to support the court's conclusion that the inevitable discovery doctrine applied. We conclude, however, that the cases McDaniel cites do not support his argument. For example, *United States v. Allen*, 159 F.3d 832 (4th Cir. 1998), does not require the district court to first make a finding of illegality before ruling on the applicability of the inevitable discovery doctrine. Rather, *Allen* only requires that the district court identify the chain of facts necessary to support application of the doctrine, *id.* at 842-43, which is exactly what the district court did here: the police officer investigating an alleged assault had received consent to enter Ginger Goodman's residence and thus was lawfully present inside Goodman's home. Because the officer was at Goodman's home to investigate an alleged assault, and because McDaniel, who the officer encountered in the home holding a firearm, fit the description of the alleged assailant, the officer would have asked McDaniel for his name. Furthermore, the officer saw the firearm in McDaniel's hand before he handcuffed McDaniel, and he knew that a person named Warren McDaniel had a felony conviction. Based on these facts, we conclude that it was inevitable that the officer would have discovered McDaniel's identity through lawful means, and McDaniel's arguments to the contrary are unavailing. We conclude the district court did not clearly err in finding the inevitable discovery doctrine applied, and it thus did not err in denying McDaniel's motion to suppress.

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*